**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

MAY 25 2011

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 10-50173 |
| Plaintiff - Appellee, | D.C. No. 3:09-cr-02487-MMA-1 |
| v. | |
| ANTONIO REYES, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Southern District of California
Michael M. Anello, District Judge, Presiding

Argued and Submitted May 4, 2011
Pasadena, California

Before: PREGERSON, FISHER, and BERZON, Circuit Judges.

Antonio Reyes appeals his conviction in federal district court for importation

of marijuana under 21 U.S.C. §§ 952 and 960.  We affirm.

The district court properly excluded the case agent's reference to the

"federal game" as irrelevant when read in context.  *See* Fed. R. Evid. 402.  The

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

district court also properly excluded Reyes's statement to the case agent concerning a culpable third party as self-serving hearsay. *See United States v. Mitchell*, 502 F.3d 931, 964-65 (9th Cir. 2007). Because the district court correctly applied the Federal Rules of Evidence, Reyes cannot raise a constitutional claim by arguing that these exclusions violated his right to present a defense. *See United States v. Waters*, 627 F.3d 345, 352-53 (9th Cir. 2010). Moreover, the record does not support Reyes's contention that the district court otherwise limited his cross-examination of the case agent.

The government's use at trial of Reyes's cell site location information raises important and troublesome privacy questions not yet addressed by this court. But the issue is not properly before us. Under Federal Rule of Criminal Procedure 12, any ground to suppress evidence not expressly raised in a pre-trial motion is waived. *See United States v. Murillo*, 288 F.3d 1126, 1135 (9th Cir. 2002). Reyes never raised a Fourth Amendment objection before trial. Reyes's filings indicated an intent to research possible Fourth Amendment claims, but he did not actually raise a Fourth Amendment claim when he moved to suppress the cell site location data. Although we may consider an issue otherwise waived under Rule 12 for cause shown, *see id.*, Reyes has given no reason for his failure to raise a Fourth Amendment objection before the district court. Thus, "we will not now consider

this argument." *Id.*

Reyes did not object at trial to the testimony of his cellular telephone service provider's custodian of records, and thus we review only for plain error. *See United States v. Pino-Noriega*, 189 F.3d 1089, 1097 (9th Cir. 1999). We conclude that any error in the admission of the custodian's testimony did not affect Reyes's substantial rights. The 170 pounds of marijuana hidden in the vehicle Reyes drove across the border was "independent, overwhelming physical evidence" of his guilt. *United States v. Whitehead*, 200 F.3d 634, 639 (9th Cir. 2000) (affirming conviction on plain error review because the evidence of 55 pounds of marijuana concealed in defendant's car "was virtually conclusive of guilt").

The district court did not abuse its discretion in allowing the government to admit evidence produced six days before trial. Reyes points to no authority indicating that six days is insufficient time under the discovery requirements of Federal Rule of Criminal Procedure 16. Moreover, the district court offered Reyes a continuance to prepare a defense to the new evidence, which Reyes's attorney declined.

**AFFIRMED.**